UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD and SUSAN FLAMMER,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**THE COUNTY OF MORRIS, MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS, SHERIFF EDWARD V. ROCHFORD, CHIEF RALPH MCGRANE, WARDEN FRANK CORRENTE, and JOHN and JANE DOES 1-10,**<br><br>    **Defendants.** | 05-CV-5039 (WJM)<br><br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

Gina Mendola Longarzo
Hack, Piro, O'Day, Merklinger, Wallace & McKenna
30 Columbia Turnpike
PO Box 941
Florham Park, NJ 07932-0941

    *(Attorney for Plaintiff Ronald and Susan Flammer)*

James Thomas Prusinowski
Laufer, Knapp, Torzewski & Dalena
23 Cattano Avenue
Morristown, NJ 07960

    *(Attorney for Defendants Morris County, Morris County Sheriff's Office, Bureau of Corrections, and Sheriff Edward V. Rochford)*

John Barbarula
Barbarula Law Offices
1242 Route 23 North
Butler, NJ 07405

    *(Attorney for Defendant Chief Ralph McGrane)*

Roger B. Jacobs

Neha Delal
Jacobs Rosenberg LLC
100 Mulberry Street
Four Gateway Center, Third Floor
Newark, NJ 07102

        *(Attorney for Defendant Warden Frank Corrente)*

**MARTINI, U.S.D.J.:**

        This matter comes before the Court on Defendants Morris County, Morris County Sheriff's Office, Sheriff Edward V. Rochford and Chief Ralph McGrane's ("Defendants") motion for partial summary judgment. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion is granted in part and denied in part.

### FACTS

        Plaintiff Ronald Flammer ("Flammer") is a corrections officer for the Morris County Sheriff's Office (the "MCSO"). (Compl. ¶¶ 3, 18; Pl.'s Statement of Undisputed Material Facts at ¶ 1-2 [*hereinafter* Pl.'s SMF]; Deft.'s Statement of Undisputed Material Facts at ¶ 1-2 [*hereinafter* Deft.'s SMF]). He is also the president of PBA Local 298 ("PBA"). (Pl.'s SMF at 3; Deft.'s SMF at 3). The PBA is the collective bargaining unit within the MCSO. (Pl.'s SMF at 3; Deft.'s SMF at 3).

        Flammer alleges that, beginning in 2004, he complained about abuses of sick time and misuse of county funds by defendants Ralph McGrane ("McGrane") and Frank Corrente ("Corrente"). (Compl. ¶ 20-21). McGrane and Corrente are Flammer's supervisors. (*See id.* ¶¶ 7-10). Flammer alleges that McGrane and Corrente authorized staff to receive sick time pay at levels reaching $100,000, while county policy and the Morris County collective budgeting agreement provided only for maximum payments of $15,000. (*See id.* ¶ 21).

Flammer claims that he voiced these complaints, specifically, to Edward V. Rochford ("Rochford"), McGrane and Corrente. (*See id.* ¶ 23, 28, 38). He alleges that, in response, McGrane and Corrente subjected him to harassment and retaliation. (*See id.* ¶¶ 15-17, 23-30, 32-46). For instance, he was allegedly admonished for engaging in PBA activities (*see id.* ¶¶ 22-24), denied compensation for serving as a police academy instructor (*see id.* ¶¶ 25), admonished for taking sick time even though he had sick time remaining (*see id.* ¶ 26), denied overtime (*see id.* ¶ 35), and had his PBA office taken away (*id.* ¶ 38). This retaliation supposedly reached a fever pitch when Flammer, himself, became the target of a fitness for duty examination for alleged psychological problems. (*See id.* ¶ 36). As a result of this examination, Defendants allegedly placed Flammer on sick leave, which Flammer claims was akin to a suspension. (*See id.* ¶ 34). In addition, Flammer alleges that Defendants hired a private investigator to follow him off-duty after he filed a notice of tort claim setting forth his intention to sue Morris County for various violations of federal and state rights. (*Id.* 37).

After allegedly enduring months of retaliation, Flammer filed suit against the Defendants on October 19, 2005. Defendants now move for partial summary judgment to dismiss Counts I, II, III, and V of Flammer's complaint.[1] Count I alleges that Defendants violated Flammer's rights to freedom of speech and association as guaranteed by the First Amendment and are thus liable to Flammer under 42 U.S.C. § 1983. Count II alleges that Defendants violated the Equal Protection Clause, Substantive Due Process Clause, and Procedural Due Process Clause of the Fourteenth Amendment and are therefore liable under § 1983. Count III alleges that Defendants violated Flammer's rights to freedom of speech, assembly, and association, as guaranteed by

---

[1] Defendant Frank Corrente did not move or join in this motion.

Article I, paragraphs 6, 18, and 19 of the New Jersey Constitution. Finally, Count V alleges that defendants intentionally violated Flammer's statutory rights as guaranteed by N.J.A.C. Title 4A, N.J.S.A. Title 11A, and the Public Employers Relations Act, N.J.S.A. 34:13A-1, *et seq*.

## DISCUSSION

**I.    Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**II.    Counts I and III - First Amendment Retaliation**

Defendants claim that Counts I and III should be dismissed because Flammer's speech is not protected under the First Amendment.[2] For a government employee's speech to be protected

---

[2]Before discussing the merits of Flammer's freedom of speech claims in Counts I and III, we must make a couple notes. First, we note that Defendants do not dispute in their motion that such speech occurred. They only attack whether such speech is a matter of public concern. Furthermore, since the analysis of Flammer's freedom of speech claim are similar under state and federal law, *see Karins v. City of Atl. City*, 152 N.J. 532, 547 (1998), we will analyze the two

under the First Amendment, it must involve a matter of public concern. *Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)). "'A public employee's speech involves a matter of public concern if it can 'be fairly considered as relating to any matter of political, social or other concern to the community.'" *Green*, 105 F.3d at 885-86 (quoting *Connick*, 461 U.S. at 147-48). To determine whether speech involves a matter of public concern "we focus on the content, form, and context of the activity in question." *Baldassare*, 250 F.3d at 195 (citing *Connick*, 461 U.S. at 147-48; *Watters*, 55 F.3d at 892). "The content of the speech may involve a matter of public concern if it attempts 'to bring to light actual or potential wrongdoing or breach of public trust on the part of government officials.'" *Id.* (quoting *Holder*, 987 F.2d at 195).

Flammer's alleged speech clearly involved a matter of public concern. The main thrust of his speech involved the alleged misuse of public funds by defendants Rochford, McGrane and Corrente and his efforts, through using his position in the PBA, to advance his and his coworkers' interests. Such speech clearly touches upon matters of public concern. *See Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 839 (3d Cir. 1995) (citing *Swineford*, 15 F.3d at 1274) ("'Disclosing corruption, fraud and illegality in a government agency is a matter of significant public concern."); *Crane v. Yurick*, 287 F. Supp. 2d 553, 560 (D.N.J. 2003) (noting that union-related speech "implicates one of the most recognized First Amendment protections").

The Defendants argue that Flammer's speech did not involve a matter of public concern because it only concerned departmental policies and the internal workings of the MCSO. This is

---

claims together. Finally, we note that Defendants do not attack Flammer's freedom of association claim, and therefore this claim is not affected by our ruling.

incorrect. In determining whether speech involves a public matter, "our inquiry focuses on the *nature* of the information, not its audience." *Baldassare*, 250 F.3d at 198 (emphasis added); *see also Swineford v. Snyder County*, 15 F.3d 1258, 1271 (3d Cir. 1994) (citing *Zamboni v. Stamler*, 847 F.2d 73, 77 (3d Cir.); *Muti v. Schmidt*, 118 Fed. Appx. 646, 648 (3d Cir. 2004); *Monsanto v. Quinn*, 674 F.2d 990, 996-97 (3d Cir. 1982). In this respect, the nature of Flammer's speech surely involved a matter of public concern.

The Defendants also argue that the holdings in two companion cases, *Ruiz v. Morris County*, No. 05-1825, 2005 U.S. Dist. LEXIS 26249 (D.N.J. Nov. 2, 2005) and *Lombardi v. Morris County*, Slip. Op. No. 04-6418 (D.N.J. May, 24, 2005), mandate that we find no protected speech. These cases, though, are inapposite. In *Ruiz*, a Morris County corrections officer sued the Defendants here for violating his First Amendment right to free speech. The *Ruiz* court held that much of the officer's speech was unprotected. The officer in *Ruiz*, however, did not allege misuse of public funds by the defendants or a chilling of his union-related speech. Such speech clearly implicates a public concern, and is therefore unlike much of the speech in *Ruiz*. In *Lombardi*, another Morris County corrections officer sued Defendants for complaining to McGrane and Corrente about the way the collective bargaining agreement was being implemented. The *Lombardi* court held that such speech may constitute a protected right to petition, but the complaint did not sufficiently set forth such a claim. Regardless, the speech in *Lombardi* was qualitatively different than the speech in this case. Therefore, like *Ruiz*, *Lombardi*'s holding is inapplicable to Flammer's First Amendment claim.

Accordingly, Defendants' motion for summary judgment to dismiss Flammer's Freedom of Speech claims in Counts I and III is denied.

### III. Count II – Fourteenth Amendment Claims

#### A. Substantive Due Process

Defendants move for summary judgment as to Flammer's Substantive Due Process Claim. They argue that this claim should be dismissed because no property interest is present. "[T]o state a substantive due process claim, 'a plaintiff must have been deprived of a particular quality of property interest.'" *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (quoting *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 598 (3d Cir. 1995)). "[W]hether a certain property interest embodies this 'particular quality' is not determined by reference to state law, but rather depends on whether that interest is 'fundamental' under the United States Constitution." *Id.* (citations omitted).

Flammer claims he had a property interest in his employment. (Pl.'s Opp. at 28). According to him, when Defendants suspended him after the fitness of duty evaluations and targeted him as part of the internal investigation, they deprived him of this property interest. (*See* Pl.'s Opp. at 27-28). This is incorrect. No fundamental property interest is present in this case. *See Nicholas*, 227 F.3d at 142 (concluding that professor's tenured public employment was wholly state-created contract right that was not a fundamental property interest for purposes of the Substantive Due Process Clause); *Gikas v. Washington Sch. Dist.*, 328 F.3d 731, 736-37 (3d Cir. 2003) (following *Nicholas* and concluding that veterans preference created by state law was not fundamental right protected by the Substantive Due Process Clause); *Homar v. Gilbert*, 63 F. Supp. 2d 559, 573 (M.D. Pa. 1999) ("Public employment is not a 'fundamental' property interest that implicates substantive due process where an individual, non-legislative decision is made."). Accordingly, the Court will grant Defendants' motion for summary judgment and dismiss

Flammer's substantive due process claim.

### B. Procedural Due Process

Flammer claims that Defendants violated the Procedural Due Process Clause of the Fourteenth Amendment in two ways: (1) by subjecting him to the fitness of duty suspension without any pre-suspension hearing; and (2) by subjecting him to the internal investigation, again, without any hearing. (*See* Pl.'s Opp. at 27-28). Flammer contends that, since he was a state civil service employee who could only be suspended or disciplined for cause, he had a property interest in his continued employment and therefore was entitled to procedural due process. Defendants, of course, disagree. They argue that Flammer had no property interest in his continued employment.

State law defines the property interests for purposes of procedural due process claims. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Courts have consistently held that government employees have a property interest in not being suspended or disciplined when the suspension or discipline can occur only "for cause." *See Solomon v. Philadelphia Hous.* Auth., No. 04-3004, 2005 U.S. App. LEXIS 15930, at * 11-12 (3d Cir. Aug. 2, 2005); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1078 (3d Cir. 1990); *Gniotek v. Philadelphia*, 808 F.2d 241, 244 (3d Cir. 1986). Under N.J.S.A. 11A:2-13, a corrections officer who attains permanent status must be notified in writing and provided with an opportunity for a hearing before any disciplinary action may be taken against him. *See Espinosa v. County of Union*, No. 01-3655, 2005 U.S. Dist. LEXIS 36563, at *19-21 (D.N.J. Aug. 30, 2005). Neither Flammer nor Defendants, however, provide the Court with any evidence showing that Flammer is, or is not, a permanent employee under N.J.S.A. 11A:2-13. As such, it would be inappropriate for the Court at this time to grant

summary judgment on this issue. Accordingly, Defendants' motion for summary judgment on this claim is denied.

### C. Equal Protection

Defendants also move for summary judgment to dismiss Flammer's Equal Protection claim in Count II. "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, a plaintiff must prove the existence of purposeful discrimination." *Zappan v.Pa. Bd. of Prob. & Parole*, No. 04-3866, 2005 U.S. App. LEXIS 23202, at *23 (3d Cir. Oct. 26, 2005) (citing *Batson v. Kentucky*, 476 U.S. 79 (1986)). Specifically, Flammer must establish that he "received different treatment from that received by other individuals similarly situated," *Kuhar v. Greensburg-Salem Sch. Dist.*, 616 F.2d 676, 677 n.1 (3d Cir. 1980), and "the different treatment was improperly motivated by discrimination or punishment for exercising a constitutional right." *Zappan*, 20005 U.S. App. LEXIS 23202, at *24 (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990)). Here, factual issues exist regarding whether Flammer was treated differently than similarly-situated individuals and whether Defendants' treatment was improperly motivated. Therefore, it would be improper for the Court at present to grant Defendants' motion for summary judgment on this issue.[3]

---

[3] Defendants erroneously argue that Flammer's Equal Protection claim must be dismissed because: (1) no property right is implicated here; (2) Flammer is not part of a protected class; and (3) Flammer does not identify any legislation or regulation which is not rationally related to a legitimate state interest. None of these facts are necessary to establish Flammer's Fourteenth Amendment claim. *See Zappan*, 2005 U.S. App. LEXIS 23202, at *23-24. Flammer need only show that "he has been treated differently because of his membership in a suspect class *or* his exercise of a fundamental right, *or* that he has been treated differently from similarly-situated others and that this differential treatment was not rationally related to a legitimate state interest." *Young v. New Sewickley Twp.*, No. 05-1017, 2005 U.S. App. LEXIS 29055, at *6 (3d Cir. Dec. 29, 2005) (citing *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432 (1985) (emphasis added).

### IV.     Count V – Statutory Rights

Defendants move for summary judgment to dismiss Count V for failure to exhaust administrative remedies.  Flammer alleges in Count V that Defendants violated his rights under N.J.A.C. Title 4A, N.J.S.A. Title 11A, and the Public Employers Relations Act, N.J.S.A. 34:12A-1, *et seq*.  These statutes require that a plaintiff exhaust his administrative remedies before the New Jersey Department of Personnel or Public Employment Relations Commission, respectively.  *See Ruiz*, 2005 U.S. Dist. LEXIS 26249, at *36-37.  Flammer does not allege or offer any proof, however, that he filed his Title 4A and Title 11A claims before the Department of Personnel.  Furthermore, the record shows that Flammer filed a claim before the Public Employment Relations Commission, which remains unresolved.  (Compl. ¶ 22; Affidavit of James Prusinowski Ex. 1).  Therefore, Defendants' motion for summary judgment to dismiss this count for failure to exhaust will be granted.

### V.     Dismissal of Complaint Under Rule 8

Defendants argue that Flammer's complaint should be dismissed because it violates Fed. R. Civ. P. 8.  This rule requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Furthermore, Rule 8 states that "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  According to Defendants, the complaint does not contain short plain statements of Flammer's allegations and therefore Defendants cannot properly answer his allegations.

The Court agrees that the complaint in this matter is long, convoluted, and difficult to discern.  That said, the Court will not dismiss it under Rule 8.  Requiring Flammer's counsel to redraft the complaint would waste this Court's time and unnecessarily delay the proceedings.

Furthermore, as evidenced by her other briefs in this matter, it is unclear whether Flammer's counsel could even draft a short concise argument if given another chance. Accordingly, Defendants' motion on this ground is denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment as to Counts I and III is denied. Defendants' motion for summary judgment as to Count II is granted in part and denied in part. Furthermore, Defendants' motion for summary judgment as to Count V is granted. Finally, Defendants' motion to dismiss the complaint pursuant to Rule 8 is denied. An appropriate order accompanies this opinion.

Dated: March 24, 2006                              s/ William J. Martini
                                                                           **William J. Martini, U.S.D.J.**