

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

April 25, 2006

Gina Mendola Longarzo
Hack, Piro, O'Day, Merklinger, Wallace & McKenna
30 Columbia Turnpike
PO Box 941
Florham Park, NJ 07932-0941

> *(Attorney for Plaintiffs Ronald and Susan Flammer)*

James Thomas Prusinowski
Laufer, Knapp, Torzewski & Dalena
23 Cattano Avenue
Morristown, NJ 07960

> *(Attorney for Defendants Morris County, Morris County Sheriff's Office, Bureau of Corrections, and Sheriff Edward V. Rochford)*

John Barbarula
Barbarula Law Offices
1242 Route 23 North
Butler, NJ 07405

> *(Attorney for Defendant Chief Ralph McGrane)*

Roger B. Jacobs
Neha Delal
Jacobs Rosenberg LLC
100 Mulberry Street
Four Gateway Center, Third Floor
Newark, NJ 07102

> *(Attorney for Defendant Warden Frank Corrente)*

1

RE: **Flammer v. The County of Morris, et al.**
    **Civ. No. 05-5039 WJM**

Dear Counsel:

This matter comes before the Court on Defendant Frank Corrente's ("Corrente") motion to dismiss Plaintiffs Ronald and Susan Flammer's ("Flammer") complaint or, alternatively, to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f) and for sanctions. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Corrente's motion is **DENIED** in its entirety.

## Background

The facts of this case are set forth in the Court's prior opinion granting in part and denying in part Defendants Morris County, Morris County Sheriff's Office, Edward V. Rochford, and Ralph McGrane's motion for summary judgment. *See Flammer v. County of Morris*, 05-5039, 2006 U.S. Dist. LEXIS 17804, at *1-4 (D.N.J. Mar. 24, 2006). Familiarity with the facts in that opinion is presumed.

Corrente now moves to dismiss Flammer's complaint in its entirety or, alternatively, to strike three paragraphs of the complaint. These paragraphs allege that Corrente retaliated against Flammer for distributing an article about Corrente at a work-related function. (*See* Compl. ¶¶ 32-34). The article, written in 1985, describes a situation where Corrente was arrested for allegedly engaging in criminal activity. (*See id.*). The paragraphs of the complaint describe the article and Corrente's prior arrest. (*See id.*). Corrente argues that these paragraphs are so prejudicial and irrelevant to Flammer's lawsuit that the Court should dismiss Flammer's complaint in its entirety or, at least, strike those paragraphs from the complaint. In addition, Corrente asks the Court to sanction Flammer for including these paragraphs in his complaint. In response, Flammer argues that these paragraphs are useful as background information for his retaliation claim and may also serve as impeachment evidence at trial.

## Discussion

Corrente bases his motion on Federal Rule of Civil Procedure 12(f). This rule permits a Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter," upon motion of a party. Fed.R.Civ.P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993) (internal citation omitted). However, in general, motions to strike are not favored. *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F.Supp. 2d 606, 619 (D.N.J. 2000); *J & A Realty v. City of Asbury Park*, 763 F.Supp. 85, 87 (D.N.J. 1991); *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J. 1984).

The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case. *Bristol-Myers*, 77 F.Supp. 2d at 619; *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F.Supp. 1100, 1114-15 (D.N.J.1991). To prevail on a motion to strike, the moving party must demonstrate that the challenged allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or . . . the allegations confuse the issues." *Tonka*, 836 F.Supp. at 217; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1382 (1990).

Corrente argues that, under the above-mentioned standard, the three paragraphs must be stricken because they are highly prejudicial and irrelevant to Flammer's claims. Implicit in this argument, however, is the assumption that the pleadings are read to the jury. They are not. *See Ratvasky v. Citizens Nat'l Bank*, 05-1056, 2005 U.S. Dist. LEXIS 40474, at *5 (W.D. Pa. Dec. 5, 2005) (citing *Abrams v. Lightolier, Inc.*, 702 F. Supp. 509, 511 (D.N.J. 1989)); *see also Flanagan v. Wyndham, Int'l, Inc.*, No. 2002/237-M/R, 2003 U.S. Dist. LEXIS 24211, *4-5 (D.V.I. Apr. 21, 2003)  Therefore, there is no real concern for prejudice here. Furthermore, because Rule 12(f) motions are disfavored in general, especially where no real prejudice exists, the Court will deny Corrente's motion. Of course, nothing prevents Corrente from attacking the admissibility of the contents of the article at a later, more appropriate, stage of the proceedings.

Since the Court will deny Corrente's motion to strike the aforementioned paragraphs, the Court will *arguendo* deny Corrente's motion to dismiss the complaint and for sanctions.

## Conclusion

For the foregoing reasons, Corrente's motion to dismiss the complaint or, alternatively to strike certain paragraphs of the complaint is **DENIED**. Furthermore, Corrente's motion for sanctions is **DENIED**. An appropriate Order accompanies this Letter Opinion.


s/ William J. Martini
**William J. Martini, U.S.D.J.**


cc: The Honorable Ronald J. Hedges, U.S.M.J.