**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RONALD and SUSAN FLAMMER,** | 05-CV-5039 (WJM) |
|     **Plaintiffs,** | |
| v. | **OPINION** |
| **THE COUNTY OF MORRIS, MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS, SHERIFF EDWARD V. ROCHFORD, CHIEF RALPH MCGRANE, WARDEN FRANK CORRENTE, and JOHN and JANE DOES 1-10,** | **HON. WILLIAM J. MARTINI** |
|     **Defendants.** | |

Gina Mendola Longarzo
Hack, Piro, O'Day, Merklinger, Wallace & McKenna
30 Columbia Turnpike
PO Box 941
Florham Park, NJ 07932-0941

    *(Attorney for Plaintiff Ronald and Susan Flammer)*

James Thomas Prusinowski
Laufer, Knapp, Torzewski & Dalena
23 Cattano Avenue
Morristown, NJ 07960

    *(Attorney for Defendants Morris County, Morris County Sheriff's Office, Bureau*
    *of Corrections, and Sheriff Edward V. Rochford)*

John Barbarula
Barbarula Law Offices
1242 Route 23 North
Butler, NJ 07405
    *(Attorney for Defendant Chief Ralph McGrane)*

Roger B. Jacobs
Neha Delal

1

Jacobs Rosenberg LLC
100 Mulberry Street
Four Gateway Center, Third Floor
Newark, NJ 07102

       *(Attorney for Defendant Warden Frank Corrente)*

**MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Frank Corrente's ("Corrente") motion to dismiss Plaintiffs Ronald and Susan Flammer's ("Flammer") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Also before the Court is Flammer's motion for partial reconsideration of our previous opinion and order granting in part, and denying in part, Defendants Morris County, Morris County Sheriff's Office, Sheriff Edward V. Rochford and Chief Ralph McGrane's (the "Non-Moving Defendants") motion for summary judgment.  *See Flammer v. Morris County*, No. 05-5039, 2006 U.S. Dist. LEXIS 17804 (D.N.J. Mar. 24, 2006) (hereinafter, "*Flammer I*").  There was no oral argument.  *See* Fed. R. Civ. P. 78.  For the following reasons, Corrente's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and Flammer' motion for reconsideration is **DENIED**.

## FACTS

The facts of this case are set forth in *Flammer I*.  *See Flammer*, 2006 U.S. Dist. LEXIS 17804, at *1-4 (D.N.J. Mar. 24, 2006).  Familiarity with those facts is presumed.  For purposes of the present motions, the Court will recite certain relevant facts.

Flammer filed an eight-count complaint against Corrente and the Non-Moving Defendants (together, "Defendants") on October 19, 2005.  Count I alleges that Defendants

violated Flammer's rights to freedom of speech and association under the First Amendment of the United States Constitution and are therefore liable to Flammer under 42 U.S.C. § 1983 ("Section 1983"). (Compl. ¶¶ 47-48). Count II alleges that Defendants violated Flammer's equal protection, substantive due process, and procedural due process rights under the Fourteenth Amendment of the United States Constitution, and are therefore liable to Flammer under Section 1983. (*Id*. ¶¶ 50-52). Count III alleges that Defendants violated Flammer's rights to freedom of speech, assembly, and association under the New Jersey State Constitution. (*Id*. ¶¶ 53-54). Count IV alleges that Defendants engaged in a civil conspiracy to injure Flammer. (*See id.* ¶¶ 55-56). Count V alleges that Defendants are liable for purposeful acts of misfeasance, malfeasance, and nonfeasance. (*See id.* ¶¶ 57-59). Count VI alleges that Defendants intentionally inflicted emotional distress. (*Id*. ¶¶ 60-63). Count VII alleges that Defendants defamed Flammer. (*Id*. ¶¶ 64-77). Finally, Count VIII alleges that Defendants are liable to Ronald Flammer's wife, Susan Flammer, for loss of consortium. (*Id*. ¶¶ 78-81).

Two motions are presently before the Court. First, Corrente moves to dismiss Flammer's complaint pursuant to Rule 12(b)(6) or, alternatively, for summary judgment under Rule 56. Second, Flammer moves for reconsideration of our dismissal of Count V in *Flammer I.*

## DISCUSSION

**I.      Standard of Review**

Since Corrente's motion does not rely on any matters outside the pleadings, the Court shall treat it as a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the complaint must be taken as true and

viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss the complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

**II.     Corrente's Motion to Dismiss Counts I and III is DENIED.**

Corrente moves to dismiss Counts I and III of Flammer's complaint. In *Flammer I*, the Court denied the Non-Moving Defendants' motion for summary judgment to dismiss these counts. *See Flammer*, 2006 U.S. Dist. LEXIS 17804, at *5-9. Since the allegations in Counts I and III are identical as to Corrente and the Non-Moving Defendants, and the Court relied only on Plaintiffs' complaint in denying the motion for summary judgment as to these counts, the Court will adopt the reasoning in *Flammer I* regarding these counts. Therefore, Corrente's motion to dismiss Counts I and III is denied.

**III.    Corrente's Motion to Dismiss Count II is GRANTED IN PART and DENIED IN PART.**

Count II alleges that Defendants violated the substantive due process, procedural due process, and equal protection clauses of the Fourteenth Amendment. In *Flammer I*, the Court

granted the Non-Moving Defendants' motion for summary judgment to dismiss Flammer's substantive due process claim, but denied their motion for summary judgment to dismiss the procedural due process and equal protection claims. *See Flammer*, 2006 U.S. Dist. LEXIS 17804, at *9-12.

The Court shall adopt the reasoning in *Flammer I* regarding the substantive and procedural due process claims. The facts alleged in these claims are identical as to Corrente and the Non-Moving Defendants. Furthermore, the Court did not rely on any documents outside of Flammer's complaint in reaching its decision as to these claims.[1] Therefore, Corrente's motion to dismiss Flammer's substantive due process claim is granted, and his motion to dismiss Flammer's procedural due process claim is denied.

Regarding Flammer's equal protection claim, the Court did not specifically elucidate whether Flammer's complaint actually stated such a claim. Therefore, the Court will do so now. To bring a successful claim under Section 1983 for denial of equal protection under the Fourteenth Amendment where the plaintiff does not allege membership in a suspect class or interference with a fundamental right, the plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment. *See Bierly v. Grolumond*, No. 05-3696, 2006 U.S. App. LEXIS 3511, at *6 (3d Cir. Feb. 14, 2006) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992));

---

[1] The Court notes that, in *Flammer I*, it did cite Plaintiffs' opposition brief when discussing these counts. However, the Court cited this document only to describe the allegations contained in Count II. Since the information contained in Plaintiffs' opposition brief is also contained as allegations in Plaintiffs' complaint, the Court's citation of this document does not affect the Court's adoption of the reasoning in *Flammer I* as to Corrente's current motion to dismiss Count II.

*see also Brown v. Monmouth County Sheriffs Dep't of Corr.*, No. 02-5591, 2005 U.S. Dist. LEXIS 36433, at *24 (D.N.J. Dec. 22, 2005) (citing *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  Plaintiffs' complaint satisfies this pleading requirement.  Specifically, the complaint alleges that Defendants treated Ronald Flammer differently than other similarly situated employees by subjecting him to a harsher workplace, providing him less sick time, denying him overtime, and by subjecting him to an unusual workplace investigation.  Furthermore, the complaint alleges that Defendants undertook such actions purposefully.  Accordingly, the Court will deny Corrente's motion to dismiss Flammer's equal protection claim.

**IV.     Flammer's Motion for Reconsideration of Count V in *Flammer I* is DENIED; Corrente's Motion to Dismiss Count V is GRANTED.**

Count V alleges that Corrente and the Non-Moving Defendants violated N.J.A.C. Title 4A, N.J.S.A. Title 11A, and the Public Employers Relations Act, N.J.S.A. 34:13A-1, *et seq.*, and are therefore directly liable for acts of misfeasance, malfeasance, and nonfeasance.  In *Flammer I*, the Court dismissed Count V against the Non-Moving Defendants for failure to exhaust administrative remedies under the above-mentioned statutes.  *See Flammer I*, 2006 U.S. Dist. LEXIS 17804, at *14.  Flammer now moves for reconsideration of this holding.  He argues that the Court erred because Count V actually pled a cause of action under the common law doctrines of "misfeasance, malfeasance, and nonfeasance."  According to Flammer, these common law doctrines allow him to sue Defendants under the above-mentioned statutes without first exhausting his administrative remedies.  Since the Court did not address Flammer's claims of misfeasance, malfeasance, and nonfeasance in *Flammer I*, the Court will do so now.

The common law offenses of misfeasance, malfeasance, and nonfeasance are used to describe types of acts or non-acts by public officials.  These common law offenses were

traditionally criminal offenses used to indict a public official at common law.  *See State v. Winne*, 12 N.J. 152, 163 (1953) (citing 1 Burdick, Law of Crime § 272 (1946)).  Malfeasance in office is the "doing of an act which is positively unlawful or wrong."  *See Allas v. Borough of Rumson*, 181 A. 175, 177 (N.J. 1935).  Misfeasance is "'the wrongful and injurious exercise of lawful authority, or the doing of a lawful act in an unlawful manner.'"  *State v. Williamson*, 54 N.J. Super. 170, 182 (N.J. App. Div. 1959) (quoting *Allas*, 181 A. at 596)).  Nonfeasance in office "is essentially the failure of a local government officer to perform his or her duties."  5-77 Antieau on Local Government § 77.02[6]; *see also Newman v. Ocean Twp.*, 21 A.2d 841, 842 (N.J. 1941).  Flammer argues that Corrente's failure to follow the above-mentioned statutes constituted misfeasance, malfeasance, and nonfeasance, thus allowing Flammer to bring suit in this Court without first exhausting his administrative remedies.

  The Court disagrees for two reasons.  First, Flammer's complaint fails to plead the breach of any official duty of public concern by Corrente, which is required under each of these doctrines.  *See Winne*, 12 N.J. at 176; *see also Williamson*, 54 N.J. Super. at 183.  Second, and more importantly, the Court reiterates that none of these statutes allow a plaintiff to bring a civil suit without first exhausting their administrative remedies under the statutes.  *See* N.J.S.A. 34:13A-5.4(c); N.J.A.C. 4A:2:2-3.4, 3.5 and 4A:2-5.1, 5.2.  It would be incongruous to hold that a plaintiff can side-step the exhaustion requirements in these statutes by bringing a law suit under three ancient common law doctrines.  *cf. Ferraro v. City of Long Branch*, 314 N.J. Super. 268, 287 (N.J. App. Div. 1998) (upholding dismissal of claims under N.J.A.C. Title 4A and Title 11A for failure to exhaust).  Doing so would destroy the very foundation of these carefully crafted statutes, and would effectively provide plaintiffs with an end-run around their administrative

requirements. It would also frustrate the legislators' intent in drafting these statutes by placing the decision of issues raised under these statutes initially in the hands of the Court, instead of the expert agencies who were intended to hear and adjudicate these issues. Accordingly, the Court will deny Flammer's motion for reconsideration and will uphold the Court's dismissal of Count V in *Flammer I*.

### IV.     Corrente's Motion to Dismiss Count VI is DENIED.

Corrente also moves to dismiss Count VI, which alleges intentional infliction of emotional distress. The Non-Moving defendants did not move for summary judgment on this count in *Flammer I*. Therefore, the Court will address it now.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant acted intentionally or recklessly both in doing the act and producing the emotional distress; (2) the conduct was so outrageous and extreme in degree as to go beyond all bounds of decency; (3) the defendants' actions were the proximate cause of the emotional distress; and (4) the distress suffered was so severe that no reasonable person could be expected to endure it. *Turner v. Wong*, 363 N.J. Super. 186, 199 (N.J. App. Div. 2003) (*citing Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988)).

Flammer's complaint alleges all of these elements. Specifically, Flammer alleges that Corrente's conduct was intentional, that it was outrageous and extreme, that it caused his distress, and that Corrente's actions were sufficiently severe. (*See* Compl. ¶¶ 61-63). Furthermore, Flammer alleges that Corrente's conduct caused him to seek medical attention and resulted in him being prescribed medication for anxiety. (*See* Compl. ¶ 31).

Corrente argues, though, that Flammer's allegations in Count VI do not rise to the level of

severity or outrageousness necessary to sustain a claim of intentional infliction of emotional distress.  The Court disagrees.  Upon reading Flammer's complaint, the Court can visualize a set of facts that might demonstrate "extreme and outrageous" conduct on the part of Corrente, which caused Flammer to suffer severe emotional distress.  Furthermore, since the current motion is treated as one seeking dismissal under Rule 12(b)(6), the Court is less inclined to dismiss Count VI at this stage of the proceedings.  *See, e.g., Acevedo v. Monsignor Donovan High Sch.*, 05-5169, 2006 U.S. Dist. LEXIS 10499, at *29 (D.N.J. Feb. 28, 2006) ("An intentional infliction of emotional distress claim is rarely dismissed on a motion to dismiss.").  Accordingly, Corrente's motion to dismiss Count VI is denied.

### E. Corrente's Motion to Dismiss Count VII is GRANTED.

Corrente also moves to dismiss Count VII.  This count alleges that Corrente defamed Flammer.  In his complaint, Flammer alleges that Corrente made two defamatory statements.  Both occurred during a conversation between Flammer and Corrente, where Corrente remarked to Flammer: (1)  "You want to play this game, well so can we." (Compl. ¶ 28); and (2) "We don't have to do a lot of things for you but we do."  (*Id.*).  Corrente made these statements only to Flammer.  In addition to these statements, Flammer alleges that Corrente defamed him by giving him inaccurate or false written warnings and performance reviews that denigrated his character and falsely accused him of inappropriate conduct, which Corrente allegedly circulated throughout the jail.  (*Id.* at ¶¶ 65, 66).

To state a claim of defamation, a plaintiff must allege the following: "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault."  *Taj Mahal*

9

*Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998).  A defamatory statement is one that is false and injurious to someone's reputation.  *Id.*

The Court will grant Corrente's motion to dismiss Count VII.  First, Corrente's two statements were not defamatory in any way.  They did not communicate any false statement, nor were they made to anyone besides Flammer.  Second, regarding the written warnings and performance reviews, Flammer fails to allege, with any specificity, Corrente's defamatory statements in those reviews and warnings.  Merely alleging that such reviews and warnings constituted defamation is insufficient.  *See Zoneraich v. Overlook Hosp.*, 212 N.J. Super. 83, 101 (N.J. App. Div. 1986) (noting that a plaintiff must specifically identify the party making the defamatory statements and the circumstances in which these statements were publicized; plaintiffs "must plead facts sufficient to identify the defamatory words, their utterer, and the fact of their publication."); *Miele v. Rosenblum*, 254 N.J. Super 8, 13 (N.J. App. Div. 1991) (holding that vague allegations are not enough to sustain a claim of defamation).  Therefore, the Court will grant Corrente's motion to dismiss Count VII.

**F.      Corrente's Motion to Dismiss Count IV is DENIED.**

Corrente moves to dismiss Count IV, which alleges a civil conspiracy.  Corrente argues that Count IV must be dismissed because Flammer cannot prove any underlying wrong by Corrente, which is required to establish a claim of civil conspiracy.  Since the Court holds that Flammer's complaint states a claim against Corrente under the First Amendment, the procedural due process and equal protection clauses of the Fourteenth Amendment, the New Jersey Constitution, and common law intentional infliction of emotional distress, an alleged underlying wrong exists.  Therefore, Corrente's motion to dismiss Count IV is denied.

### G.	Corrente's Motion to Dismiss Count VIII is DENIED.

Corrente also moves to dismiss Count VIII.  This count alleges that Corrente and the Non-Moving Defendants caused Ronald Flammer's wife, Susan Flammer, to be deprived of the services and consortium of her husband.  Since the Court did not address this count in *Flammer I*, it will do so now.

"A claim for loss of consortium arises from the marital relationship and is based on the loss of a spouse's services and companionship resulting from an injury."  *Acevedo*, 2006 U.S. Dist. LEXIS 10499, at *24-25 (citing *Kibble v. Weeks Dredging & Constr. Co.*, 161 N.J. 178 (N.J. 1999).  "A loss of consortium claim is a derivative claim, 'depending upon the existence of tortious conduct on the part of the defendants.'" *Id.* (quoting *Horvath v. Rimtec Corp.*, 102 F. Supp. 2d 219, 236 (D.N.J. 2000)).  Since the Court holds that Flammer sufficiently pled a claim for intentional infliction of emotional distress, the Court will not dismiss the loss of consortium claim by Flammer's wife at this time.  Accordingly, Corrente's motion to dismiss Count VIII will be denied.

### CONCLUSION

For the foregoing reasons, Corrente's motion to dismiss as to Counts I, III, IV, VI, and VIII is denied.  Furthermore, Corrente's motion to dismiss Count II is granted in part and denied in part.  In addition, Corrente's motion to dismiss Counts V and VII is granted.  Finally, Flammer's motion for reconsideration is denied.  An appropriate Order accompanies this Opinion.


Dated: May 10, 2006                                            s/ William J. Martini
                                                                       **William J. Martini, U.S.D.J.**