UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LOMBARDI,** | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 04-6418 (DRD)** |
| **COUNTY OF MORRIS, et al.,** | : | |
| Defendants, | : | |
| **KNOWLTON, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | **Civil Action No. 05-1989 (KSH)** |
| **COUNTY OF MORRIS, et al.,** | : | |
| Defendants, | : | |
| **FLAMMER,** | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No. 05-5039 (WJM)** |
| **COUNTY OF MORRIS, et al.,** | : | |
| Defendants, | : | |

| | | |
|---|---|---|
| RUIZ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-1825 (DRD) |
| COUNTY OF MORRIS, et al., | : | |
| Defendants, | : | |

| | | |
|---|---|---|
| FREID, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-3244 (KSH) |
| COUNTY OF MORRIS, et al., | : | |
| Defendants, | : | |

| | | |
|---|---|---|
| O'BRIEN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-4910 (KSH) |
| COUNTY OF MORRIS, et al., | : | |
| Defendants, | : | |

## ORDER ON INFORMAL APPLICATION

This matter having come before the Court by way of submission filed May 22, 2007, regarding various discovery disputes; and the Court having conducted a hearing on the record on May 23, 2007; and the Court having considered the submission arguments and representations of

counsel; and for the reasons set forth on the record on May 23, 2007; and for good cause shown,

IT IS ON THIS 24th day of May, 2007

ORDERED THAT:

1. In lieu of supplementing Rule 26 disclosures and interrogatories seeking the nature of the information in the possession of the persons identified therein, the defendants are granted up to two additional hours to be shared among them to depose the plaintiffs about the knowledge of the persons that they identified in their respective Rule 26 disclosures and interrogatory responses;

2. No later than **May 30, 2007**, the County shall produce each plaintiff's psychological and fitness for duty reports;

3. The County shall produce for inspection and for attorney's eyes only the original internal affairs files for each plaintiff;

4. No later than **July 10, 2007**, the plaintiffs shall provide the defendants with the names of each expert and the subject about which the expert is expected to opine;

5. With respect to plaintiff Lombardi's response to the County Rochford's interrogatories seeking factual information, no later than **June 8, 2007**, he shall provide (1) a supplemental response concerning the examples of alleged wrongful conduct that had been used to describe the January 2000 incident; (b) the citation to the statutes or regulations he contends defendants Corrente and McGrane failed to follow pertaining to discharge or termination of civil service employees; (c) the facts to support the statement that Sheriff Rochford "acquiesed in" or "ratified" any alleged wrongful conduct, and (d) the factual basis for each of the counts of the Complaint;

6. With respect to plaintiff Lombardi's response to defendant County Rochford's

interrogatory seeking the address for Crumm & Forster and Starlo Electric, no later than **June 8, 2007**, plaintiff Lombardi shall provide such addresses;

    7.  No later than **May 30, 2007**, plaintiff Flammer shall re-serve its notice to produce, request for admissions, and supplemental notice to produce upon defendant McGrane and responses shall be provided no later than **June 28, 2007**;

    8.  No later than **June 15, 2007**, defendant County/Rochford shall respond to plaintiff' Flammer's interrogatories and requests for admissions;

    9.  No later than **June 15, 2007**, plaintiff Flammer shall provide responses to defendant Corrente's second set of supplemental interrogatories and Requests for Admissions, and third supplemental requests for interrogatories;

    10.  No later than **June 8, 2007**, plaintiff Flammer shall provide responses to defendant Corrente's third supplemental interrogatories;

    11.  Defendant Corrente's request that Mrs. Flammer provide medical records is denied;

    12.  No later than **June 8, 2007**, all plaintiffs shall provide their damage calculations;

    13.  No later than **June 8, 2007**, all plaintiffs shall provide copies of the worker's compensation and disability files;

    14.  No later than **June 8, 2007**, plaintiffs Flammer and Knowlton shall produce their 2005 tax returns;

    15.  No later than **June 8, 2007**, plaintiff Flammer shall provide bates stamped copies of the documents produced in response to the requests for production of documents;

    16.  No later than **May 30, 2007**, plaintiff Flammer shall provide his responses to the interrogatories served by the County/Rochford;

    17.  No later than **May 30, 2007**, plaintiff Knowlton shall serve upon defendant McGrane

its supplemental notice to produce and defendant McGrane shall respond no later than **June 29, 2007**;

19. No later than **June 15, 2007**, plaintiff Knowlton shall serve his responses to the supplemental interrogatories served by defendant McGrane;

19. No later than **June 29, 2007**, defendant Corrente shall provide his responses to the supplemental interrogatories served by plaintiff Knowlton;

20. No later than **June 29, 2007**, defendant County/Rochford shall provide their responses to plaintiff Knowlton's supplemental interrogatories, Requests for Admissions, Notice to Produce, and Supplemental Notice Produce;

21. No later than **May 30, 2007**, plaintiff Knowlton shall provide responses to the County/Rochford's interrogatories;

22. No later than **June 4, 2007**, plaintiffs Ruiz and Fried shall provide a full supplementation to the interrogatories served by defendant McGrane and defendant Corrente;

23. No later than **June 4, 2007**, plaintiff Ruiz shall provide full supplemental responses to the County/Rochford's Interrogatories Nos. 5-8, 10, 13, 14, and 19-21;

24. No later than **June 4, 2006**, plaintiff Fried shall provide full supplemental responses to the County/Rochford's Interrogatory No. 3;

25. No later than **May 25, 2007**, plaintiff Ruiz shall provide copies of the documents referred to in response to the County/Rochford's Interrogatory No. 4;

26. No later than **June 8, 2007**, plaintiff Mrs. Fried shall produce records of treatment if she is receiving;

27. No later than **June 8, 2007**, plaintiff O'Brien shall produce complete medical records or signed authorizations to release same;

28. No later than **June 4, 2007**, plaintiff O'Brien shall provide complete responses to the County/Rochford interrogatories and document demands;

29. No later than **May 30, 2007**, County/Rochford shall provide responses to plaintiff O'Brien's interrogatories;

30. No later than **June 4, 2007**, plaintiff O'Brien shall produce full supplemental responses to the interrogatories and document demands served by defendants McGrane and Corrente;

31. No later than **June 15, 2007**, defendant McGrane shall provide a response to the request for supplemental responses to plaintiff Lombardi's interrogatories as requested by plaintiff Lombardi's letter dated August 30, 2006;

32. No later than **June 29, 2007**, defendant McGrane shall provide a response to plaintiff's request for supplemental responses to discovery demands served by plaintiff Knowlton as requested by plaintiff Knowlton's letter dated May 21, 2007;

33. No later than **June 15, 2007**, plaintiff Lombardi shall provide supplemental responses to defendant McGrane's request for more specific responses;

34. No later than **May 30, 2007**, plaintiff Lombardi shall serve his supplemental notice to produce on defendant McGrane, which shall be responded to no later than **June 29, 2007**;

35. No later than **June 29, 2007**, plaintiff Knowlton shall provide responses to defendant McGrane's request for more specific responses to interrogatories, Requests for Admissions, and Notice to Produce;

36. No later than **June 29, 2007**, plaintiff Knowlton shall provide a response to defendant Corrente's request for more specific responses to defendant Corrente's Requests for Admissions and second request for more specific responses to interrogatories;

37. No later than **May 30, 2007**, the County/Rochford shall produce the plaintiffs' workers compensation and disability files;

38. No later than **May 30, 2007**, defendant Corrente shall provide the plaintiffs' counsel with the offense for which he was arrested (both statutory citation and charging language);

39. No later than **June 8, 2007**, defendant County/Rochford shall produce a copy of Justice Pollak's report;

40. No later than **June 15, 2007**, the defendants shall advise the plaintiffs if they intend to rely on any part of the Shane report, interviews, hearing transcripts or the report of Justice Pollak;

41. No later than **July 10, 2007**, if the defendants are not going to be relying on any of the items associated with the Shane Report and Justice Pollak's report, then the parties shall submit a joint letter setting forth the legal authority regarding disclosure of the Shane report, interviews, and hearing transcripts;

42. No later than **June 15, 2007**, defendant County shall produce the following for defendants Corrente and McCrane: (1) oaths of office; (2) notices of personnel action that reflect changes in position (redacting social security and date of birth only); (3) portions of performance evaluations that address complaints by employees;  and (4) for attorney's eyes' only, complaints/internal affairs matters/discipline files alleging harassment of an employee, discrimination against an employee, unfair treatment of an employee, retaliation against an employee, and complaints about them regarding their response to the union activity of an employee;

43. No later than **June 15, 2007**, defendant County shall produce defendant McGrane's resume; and

IT IS FURTHER ORDERED that the Ruiz, O'Brien and Fried are under the continuing obligation to produce bates numbered copies of their documents and an identification of which bates numbers correspond to the particular document demands served upon them.  With the consent of the plaintiffs, their depositions may be reopened if these documents are not available at the time of their deposition but such re-opened depositions shall be completed by the fact discovery deadline;

IT IS FURTHER ORDERED that to the extent a party seeks to ask a deponent about documents that he/she reviewed, the parties shall follow the protocol set forth in Sporek v. Peil, 759 F.2d 312, 318 (3d Cir. 1985);

IT IS FURTHER ORDERED that the request to compel plaintiff Lombardi to produce the handwritten notes described as a chronology prepared at the request of his counsel is denied;

IT IS FURTHER ORDERED that defendant McGrane's deposition of plaintiff Lombardi shall take place on **June 1, 2007 at 9:30 a.m.;** and

IT IS FURTHER ORDERED that all other terms of the Orders dated May 2, 2007 shall remain in full force and effect.

                                              s/Patty Shwartz
                                        UNITED STATES MAGISTRATE JUDGE